(112 App. Div. 736)

·FITCH v. HAY et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

**1.** APPEAL—RIGHT TO APPEAL—INTEREST IN LITIGATION—COSTS.
  In an action to enjoin a board of county supervisors from paying a claim, the board has no interest in the matter entitling it to appeal on the merits, but where judgment for costs is rendered against it, it is entitled to appeal on the question of costs.

**2.** COSTS—SEPARATE ISSUES.
  Where, in an action to restrain a board of county supervisors from paying a claim, plaintiff alleged that defendants acted fraudulently, and in collusion with the claimants, and the court found that the allowance of the claims was illegal, but that here was no fraud or collusion, defendant board should not have been charged with costs.

**3. Costs—Modification of Judgment on Appeal.**

Plaintiff, in an action to enjoin county supervisors from paying certain claims, charged that the board acted fraudulently. The court found that there was no collusion but that the claims were illegally allowed, and rendered judgment enjoining their payment, but improperly taxed costs against the board. The board appealed from the whole judgment. Plaintiff in the action was a supervisor of a town, and had warned the board of the illegality of some of the claims allowed. *Held* that, on modification of the judgment by striking out the erroneous provision as to costs, neither party was entitled to the costs of the appeal.

Appeal from Trial Term, Clinton County.

Action by Wilmer H. Fitch against Wellington Hay and others. From a judgment for plaintiff, defendants appeal. Modified and affirmed.

These defendants with James H. O'Neil, Owen O'Neil, Nelson Duval, Harvey S. Haff, George Gray, and the board of supervisors of the county of Clinton were made defendants in an action by the plaintiff to restrain the payment of certain claims audited by the appellants against the town of Mooers in the said county of Clinton. James H. O'Neil, Owen W. O'Neil, Nelson Duval, Harvey S. Haff, and George Gray were the claimants whose bills were audited; the audit of which is made the basis of this action. George Gray was overseer of the poor of said town. J. H. and Owen W. O'Neil were physicians who claimed compensation for services. Nelson Duval was the town clerk. Harvey S. Haff was an attorney who claimed compensation for services. The action was brought under chapter 301, p. 620, of the laws of 1892, to enjoin the payment of said claims upon the ground of their illegality. In the complaint it was charged that the appellants the town board colluded with the several claimants to secure to them payment of their claims which were illegal. Issue was joined by the service of answers by the appellants as the town board, by Gray the superintendent of the poor and by J. H. and Owen W. O'Neil. Upon the trial part of the claims so audited were held to have been lawfully audited, and part were held to have been illegally audited and their payment was enjoined. The defendant appellants and George Gray were charged with costs of the action amounting to upwards of $250. From the judgment thus entered the town board alone has appealed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

D. H. Agnew, for appellants.
W. H. Dunn, for respondent.

SMITH, J. In People ex rel. Steward v. Railroad Commissioners, 160 N. Y. 212, 54 N. E. 697, Chief Judge Parker, writing for the Court of Appeals, says:

"It is the general rule that a court or board exercising judicial functions by permission of some statute, has no interest in maintaining its determination, and, therefore, can neither appeal from an order of the court reversing the proceedings, nor be heard on the appeal."

Within this rule of practice it is difficult to see what interest these appellants have in reversing this judgment upon the merits. They are not affected whether the judgment stands or falls. The parties aggrieved by the judgment are the claimants whose bills have been found illegal and and their payment enjoined.

By the judgment, however, these appellants are charged with upwards of $250 of costs. To review the equity of that charge they have a standing in court upon this appeal.

If this question could have been raised by a writ of certiorari, issued

at the instance of the plaintiff, under the authority cited these appellants would not be interested in contesting the issues upon that writ. If the charge had been made that the audits were illegal, simply, the appellants could well have been charged with costs for making a contest at the trial term. They were charged, however, by plaintiff's complaint as having acted fraudulently and in collusion with these claimants. After having made this charge in his complaint, it does not lie with the plaintiff to say that the defendants improperly took issue with the charge made. On this issue, the only one in which they were in fact interested in any way in the trial court, these appellants succeeded. The referee has found that their acts were all in good faith, and without fraud. Under these circumstances, we are of opinion that they should not have been charged with the costs of this action. The judgment should therefore be modified by striking out the provision charging them the costs of the action, and, as so modified, affirmed. We are of opinion that neither party should have costs of this appeal. This plaintiff acted not for himself so much as in behalf of the people whose representative he was. He was the supervisor of the town. He warned the town board of the illegality of some, at least, of these claims, and had substantial ground for his action. The appeal of the town board was from the whole judgment, so that upon this appeal he is required to defend the judgment in each and every particular. The modification of the judgment, therefore, indicates only partial success for the appellants, which as we have stated, should not, in our judgment, carry costs of the appeal.

This affirmance of the judgment, as modified, should be without costs to either party.

Judgment modified by striking therefrom the provision charging defendants with costs, and, as thus modified, affirmed, without costs to either party. All concur, except PARKER, P. J., not voting.